All rise. Ms. Carter is now in session. Please be seated. Ms. Clark, will you call the next case, please? 310-0144, Falcon Pickup, et al., Appellants, by Richard Kuchelski v. The Village of Frankfort, et al., Athletes, by James Kirk. Mr. Kuchelski, before we get started on the actual argument, I want to say, you know, the defendant, Mr. Murphy, in your brief, you raised the issue of jurisdiction. Yes. You both kind of responded to that. I know you both wanted to share the substance of this case. It does not, at least, it does not appear to us that there is jurisdiction in this matter. We have not issued an order to that effect, but that is how it looks, and we will issue an order one way or another on that issue. We do want to say that if we do find that there is no jurisdiction on this appeal, we will try to accommodate you as much as possible to make sure that the case can get heard on the merits. And what I mean by that is we will, obviously, if we don't have jurisdiction, you're back in the trial court. You'll have to get a judgment on both counts from the trial court. At that point, file a new notice of appeal, inform the clerks here if there's any additional record or argument briefing that you'd like to make. We will hold on to the current record and briefs, unless you need them or want them for some purpose, and we'll try to spell that out in a minute order. If, you know, if the order is forthcoming, we'll try to spell that out for you in a minute order so it will make more sense than what I'm telling you now. But now, if you'd like to argue the jurisdictional issue, we would like to hear that. If you'd like to argue the merits, we'd certainly like to hear that as well. I don't know if it makes sense to argue the merits at this point. We'd like to hear that argument as well. You would want to hear it? Yes. As far as the jurisdictional issue goes, we realize that there was an issue in the order when we got it. The problem that I saw was that if we filed a motion for clarification, that would not have stayed my 30-day time for appeal, and I was worried about blowing that 30-day period of time. I believe what the trial judge thought is that there was a scheduling order entered where the parties contemplated cross motions for summary judgment. For whatever reason, the defendant didn't file a cross motion for summary judgment. We did, and I believe the trial court just thought that there was a motion for summary judgment or a motion to dismiss as to both counts of the complaint, and there wasn't. Obviously, I understand what you're saying. If we send it back, all that's going to happen is Mr. Murphy's going to file a cross motion for summary judgment. The judge is going to enter the same order she already entered. On both counts? Yes. You need to resolve that second count as well. Right. She entered it on both counts, but her motion to, she granted, what she says in her order is she's treating the defendant's motion to dismiss as a motion for summary judgment. There was a motion to dismiss as to count two. There was no motion directed to count one. So, again, what I foresee happening here is that we'll go back to the trial court. Mr. Murphy will file the cross motion, and then she'll enter the same order, and then we'll be back up here. I kind of think it's form over substance, but obviously, if that's what the court feels is necessary for a cleaner record, then that's basically what we'll be doing. I would assume, then, if we're arguing today on the merits, that when this comes back up, there will be no oral argument? Well, we'll make that decision at the time, but we would like to hear that now. All right. As to the merits, the core issue in this case concerns the meeting of the Police Officers Continuation Privilege Act. The police officers here are two retired Frankfurt police officers, one with 33 years of service, one with 25 years of service, and a disabled police officer that injured himself in the line of duty. It's our contention that under this statute, retired police officers are to be treated in the same manner, as far as benefits go, insurance benefits go, as active police officers. In this particular case, there's two distinctions that the village of Frankfurt is making here. They pay the deductible for the active police officers. They do not pay the deductible for the retiree. They allow vision care coverage for the active police officers. They do not allow vision care for the retirees. The starting point here, as to the meaning of the statute, is what the legislature intended. And that intent normally requires consideration of the words used, the nature of the laws, and the law's objective. I submit that the objective of that statute is to afford these retired police officers the same benefits, as far as coverage goes, as active police officers. Given their years of service or their disabilities, I think that's the intention of the statute. In this particular case, this isn't being done in Frankfurt. Also, there's an issue there of whether the statute is ambiguous or not. Mr. Murphy claims it's clear. I say it's ambiguous. To me, there's more interpretations of that statute than an early Bob Dillon song would have. It's just all over the place. It's a well-intentioned piece of legislation, but in my opinion, it's poorly written. You can go through that. There's a paragraph that runs about 16, 17 sentences that's all over the place. And I think when you discern the general objective of the act, I think it becomes a little clearer. And I think applying the rules of liberal construction, which you should do when it comes to ambiguous legislation, you would expand the meaning of this act to cover all sorts of insurance benefits. Now, what the trial court focused on, she started in the right spot, focusing on the provision that says there shall be no discrimination in terms of premiums or other benefit provisions between retirees and active police officers. She found that benefit provisions did not cover deductibles. It's our opinion that a deductible is a benefit. It's a benefit because active police officers don't have to pay their deductible. We all know what a deductible is. Every time there's a claim, there's a certain amount of money that the insurer has to pay. In this particular case, the active police officers simply send their deductible bill to the village of Frankfort, and the village of Frankfort pays it. This adds up to quite a bit of money. I mean, in Mr. Pickup's case, when we were still in the trial court, I think he had about $27,000 in deductibles to be paid for he and his family. So the question, I think, that needs to be addressed is, is a deductible an insurance benefit within the meaning of that statute? And it's my belief that it is. Again, we look at the intention of the law. If the intention of the law is to make sure that retired police officers have the same protections insurance-wise that active police officers do, then the intention is further by requiring the municipality to pick up a deductible. To me, it's just common sense. And the same thing with the vision plan. The statute also speaks in terms of medical benefits. I believe a vision plan is a medical benefit. This benefit is, again, allotted to active police officers, and it's not allotted to retirees. Would a dental plan be a medical benefit? Yes. Yes. And again, that's one of the problems we have with this statute. None of the key terms are ever defined. And as you see in the briefs, I'm pulling definitions out of other places, including the dictionary. Mr. Murphy's pulling definitions out of other provisions of the pension code. And, again, this is a case of first impression. No law on it. There is no legislative history that we can turn to here. So, you know, what we're left with is for this court to determine the meanings of some of these provisions. And, again, if we focus on the law's objective, then I think the meanings become a lot clearer because the objective is to take care of and treat retired police officers in a manner similar to active police officers. I have a question regarding the deductibles. It's my understanding that the deductible amounts are the same for active and retired or disabled police officers, but that if you are active, you just send your bill to the village. Is that agreement just part of their collective bargaining? I mean, is that something that has been bargained for in addition to the actual insurance itself? No, I do not believe so. I'm not positive, but I don't think it's a matter of something under the bargaining agreement. I think this is something that the municipality just gratuitously decided to do. And I would submit that if the municipality had required, obviously, the insurance policy of Blue Cross Blue Shield requires a deductible. If the municipality had made a decision not to pay the active deductibles, we wouldn't have a case. But they made a decision to pay the active police officers' deductibles, and they won't pay the retirees' deductibles. That's the crux of our major issue here. And again, when you read the statute and you look at what it's supposed to do, in my opinion, a benefit is something that helps. Obviously, it's a benefit when the municipality picks up the active police officers' deductible. It's not a benefit if they don't pick up the retirees'. And another thing, the statute clearly states there shall be no discrimination in premiums. Why would we have a statute that forbids discrimination in premiums but then allows discrimination in deductibles? It doesn't make any sense. Again, I think part of our problem here is that whoever put the statute together didn't do a very good job. And I know Mr. Murphy's going to tell you that it's clear as the fingers on your hand. I don't think so. I've looked at that, and I've read it and reread it, and I can't make any sense out of it. Like I say, nothing's numbered. There's no subsections. It just goes all over the place. Another facet here that I think would warrant favorable ruling on the plaintiff's behalf is we received an advisory opinion from the Department of Insurance, which is the agency that regulates the insurance code. And that opinion essentially says what we are saying, that benefit provision covers deductibles. Now, Mr. Murphy's going to argue and has argued, well, that opinion doesn't mean anything. I think it does. You know, the law is clear that the courts can give a deference to the decisions of agencies that administer a statute. And while it's not a formal AG opinion, it is an opinion from the regulator that essentially sheds some light as to what they think the meaning of that statute is. And I think this court, while you're not bound by it, I think this court can give that opinion some deference. Again, I would like to have the opportunity when we come back here, if not if, when, to perhaps supplement our argument if the court allows. At the conclusion, when we do come back up here, I would ask that the court reverse the lower court, find in favor of the plaintiffs as to the meaning of that statute, that it covers deductibles, that it covers the Vision Care Act, and then we're going to have to remand it back again to determine the damages of the plaintiffs. Because, you know, every time there's an insurance claim, the damages keep accruing here. So, you know, we'll probably have another year of damages that we'll have to, if you rule in favor of the plaintiffs, that it's going to have to be determined by the trial court. I don't think there's any other way of doing it. We can't determine damages today because they're going to just keep running. Thank you very much. Thank you, Mr. Podolsky.  Mr. Murphy? Good morning, Your Honors. Jim Murphy on behalf of the Village of Frankfurt. I hate to have raised the jurisdictional issue, but I thought it, as I was doing the brief, and thought it was incumbent upon it to raise it. I think, at least in addressing the jurisdictional issue, one of the things that may be taken into account is that there has been a concession by plaintiffs that the order would, in fact, be a dismissal of both counts. What it was was a 1983 case. This was the property right. If the statute doesn't give them any right to these benefits, there is no property right. So, just so that you understand that. Again, I agree with Mr. Podolsky in terms of not wishing it to go back to the trial court, if at all possible. With regard to the substance of the argument, I think what Mr. Podolsky's argument is, is he really does not focus on the language of the statute. Or, he at least sort of picks and chooses what he focuses on. The fact that it's not numbered does not make it ambiguous. And he has not pointed to any particular word or phrase that he claims is ambiguous. Instead, what he's done, and I did this while looking at it, and I think a picture is somewhat worth a thousand words, is his primary argument is based on these words in one paragraph. That he wants to engraft on this paragraph, which comes with four paragraphs in between it. And yet, delete this portion of it, which is about 74 words. This is what limits the type of health benefits that, where there has to be equal treatment of. The first paragraph, where he grabs the language from, is when there is a policy of group insurance. And clearly, there is to be no distinction or discrimination in those group insurance policies. That language, which the legislature was well aware of, didn't come to play in the later paragraph. Which talks about when the municipality makes a program of accident health policy or medical benefits available to its police officers. And it doesn't stop there. If that's where it stopped, I think Mr. Kuchelski would be correct. But what it says is, through self-insurance, or by participation in pool or reciprocal insurer, or by contract, and it goes on through how the contract, type of contracts that would be covered. There is no argument that has been developed as to why it fits in those sections, or why that particular provision is ambiguous. What he just says is, there's an ambiguity. But where? You have to find out where it is. And then you have to determine that you, I think, are going to rewrite the statute. And I don't think that is your job. It used to be your job to write the statutes. But I think it's clear. And basically, that is what our argument is. Thank you. Any questions? Thank you, Mr. Murphy. And Mr. Kuchelski, any rebuttals? A few points. First of all, I agree with Mr. Murphy that the one section that we need to focus on is that paragraph that begins, in the event that a municipality makes a program of accident, health, hospital, or medical benefits available to its police officers, then it lists self-insurance, participation in a pool, or contract. Mr. Murphy, or the defendants, agreed in the trial court, their answer states that the policy in question here is an insurance contract purchased through Blue Cross Blue Shield. So there's an admission that there is an insurance contract here. So I believe that that section does apply. And I believe the main ambiguity here is what constitutes an insurance benefit. That term is not defined. And I think that that is ambiguous. It can be anything and everything. It could be, as Mr. Murphy says, very limited. Or, as we believe, it could cover any sort of benefit that a person receives by virtue of the insurance contract. And the benefit that is received here by virtue of the insurance contract is the municipality paying deductibles. And, again, if this court feels that that statute is clear, then obviously you will determine what it means. But for the life of me, I can't make sense out of the statute. And I believe, again, we focus on what is the overall objective here. And Mr. Murphy doesn't seem to deny that the overall objective of the statute is to take care of retired police officers in the same manner as active police officers in terms of insurance benefits. Nothing further. Thank you. No questions. Thank you, Mr. Chaucer. And thank you both for your arguments today. We will take this matter under advisement. And, as I stated at the outset, we'll make the determination about jurisdiction early on. And, if not, we'll proceed to judgment. Thank you so much. And we're going to take a short recess for panel discussion. Court is now on recess.